UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FAISAL ALFAOUR a/k/a FAISAL ALFAOUR BANI ALABBAS and TALAL ALFOUR a/k/a TALAL ALFAOUR BANI ALABBAS, <br><br> *Plaintiffs,* <br><br> v. <br><br> THE BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> *Defendant.* | Case No. 1:26-cv-5769 <br><br> **COMPLAINT** |

Faisal AlFaour, a/k/a Faisal AlFaour Bani AlAbbas, and Talal AlFaour, a/k/a Talal AlFaour Bani AlAbbas (collectively, "Plaintiffs"), by and through counsel, Thompson & Skrabanek, PLLC, bring this Complaint against The Bolivarian Republic of Venezuela ("Venezuela" or "Defendant"), and in support thereof assert:

**NATURE OF THE CASE**

1.      This is a breach of contract action for Venezuela's failure to repay its sovereign debt.

2.      Plaintiffs are creditors to Defendant, having purchased and held sovereign debt issued by Defendant.

3.      Defendant has breached its obligations to pay both principal and interest on the debt.

4.      On or around August 6, 1998, Venezuela issued bonds in the principal amount of $500,000,000. On or around May 18, 2004, Venezuela issued bonds in the principal amount of $252,811,000. All of the bonds in question were issued under ISIN No. USP922646AT10 (and are

1

collectively referred to as the "AT10 Bonds").

5. The AT10 Bonds were issued pursuant to a 1998 Fiscal Agency Agreement (as amended, the "FAA"). They are governed by New York law and subject to the jurisdiction of this Court.

6. In November 2014, through Arab Bank, for good and valuable consideration, Plaintiffs purchased $850,000.00 in face value of AT10 Bonds.

7. In June 2015, through Arab Bank, for good and valuable consideration, Plaintiffs purchased an additional $850,000.00 in face value of AT10 Bonds.

8. In September 2017, through Bank Audi, for good and valuable consideration, Plaintiffs purchased $1,000,000.00 in face value of AT10 Bonds.

9. Combined, Plaintiffs purchased $2,700,000.00 in face value of the AT10 Bonds.

10. Plaintiffs still hold the exact same face amount of the AT10 Bonds in the same financial institutions today.

11. By their terms, the AT10 Bonds had a maturity date of August 15, 2018.

12. Upon maturity, interest was to be paid semi-annually on August 15 and February 15, at a rate of 13.625%.

13. Venezuela failed to repay principal on the Bonds to Plaintiffs, failed to make the first interest payment, and has failed to pay accruing semi-annual interest thereafter.

14. Plaintiffs have never transferred, sold, or encumbered their ownership interest in the AT10 Bonds.

15. By Plaintiffs' calculations, Defendant owes Plaintiffs at least $7 million in principal and interest on the Bonds.

## PLAINTIFFS' EXCLUSION FROM *MAZZACCONE* CLASS ACTION

16.     On August 14, 2024, Massimo Mazzaccone, individually and on behalf of all others similarly situated, filed a class action complaint against Defendant in the Southern District of New York, Case No. 1:24-cv-06168-DLC (the "Class Action").

17.     The class includes all holders of AT10 Bonds on August 14, 2024 who continued to hold thereafter (the "AT10 Class").

18.     On February 17, 2026, the Honorable Denise Cote granted the Class Action plaintiffs' motion for class certification.

19.     Plaintiffs were holders of the AT10 Bonds before, on, and after August 14, 2024. Stated differently, Plaintiffs were proper members of the AT10 Class.

20.     Plaintiffs are duly and timely opting out of the AT10 Class to pursue their claims individually herein.

## PARTIES

21.     Plaintiffs are individuals who, at all relevant times, have held and still hold beneficial interests in and are the original beneficial owners of $2,700,000.00 in face value of the AT10 Bonds.

22.     Defendant is a foreign state as defined in 28 U.S.C. § 1603. Defendant conducts business within the United States and within the State of New York.

## JURISDICTION & VENUE

23.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1330(a) because Venezuela is a foreign state pursuant to 28 U.S.C. § 1603.

24.     Venezuela has explicitly and unconditionally waived sovereign immunity with respect to all actions arising out of or based on the securities issued pursuant to the FAA by holders

3

of the securities issued thereunder, like Plaintiffs.

25.     Venezuela is not entitled to immunity under 28 U.S.C. §§ 1605-07 or under any applicable international agreement with respect to the claims asserted herein.

26.     This Court has personal jurisdiction over Venezuela because Venezuela regularly conducts business in New York. The Court also has jurisdiction because Venezuela consented in the FAA to submit to the jurisdiction of this Court regarding actions by holders of securities issued under the FAA, arising out of or based on such securities, or arising out of or based on the FAA itself.

27.     Venue is proper in this Court because Venezuela irrevocably consented to venue with respect to actions brought in this Court in connection with the FAA and the AT10 Bonds. Venue is additionally and alternatively proper pursuant to 28 U.S.C. § 1391(f)(1).

28.     As stated in the FAA, Venezuela has appointed its Consul General as its authorized agent to receive service of process, or, in their absence or incapacity, any official of Venezuela's Consulate, which is located at 7 East 51st Street, New York, New York 10022. Alternatively, if service of process cannot otherwise be effectuated, it will be achieved through the procedures described in 28 U.S.C. § 1608(a)(4).

## <u>OTHER MISCELLANEOUS PROCEDURAL CONSIDERATIONS</u>

29.     Plaintiffs have no reason to believe that they do not possess the proper standing to bring this claim. Plaintiffs are generally aware of the existence of litigation by other third parties related to the Bonds, even outside of the Class Action,[1] but Plaintiffs: a) have received no formal notice of any specific litigation; b) have not participated in any of such litigation; c) do not believe their interests have been represented in any such litigation; and d) have not received any

---

[1] *See, e.g.,* Case Nos. 19 Civ. 11018 [rel. Nos. 19 Civ. 3123 & 18 Civ. 11940], in the Southern District of New York.

remuneration or compensation related to any such litigation.

30.     All necessary conditions precedent to the filing of this action have occurred or have been waived, either explicitly or by operation of law.

## FACTUAL ALLEGATIONS

31.     The 1998 FAA governs the AT10 Bonds.

32.     The 1998 FAA was entered into on or around August 6, 1998 by and among Venezuela, Banco Central de Venezuela (as official financial agent of Venezuela), and BNY Mellon Global Corporate Trust (as fiscal agent). The parties entered into amendments dated January 14, 2004 and September 29, 2004.

33.     The 1998 FAA and its amendments are governed by the laws of the State of New York without regard to conflicts of laws principles for all matters other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela.

34.     Plaintiffs purchased $2,700,000.00 in face value of the AT10 Bonds between November 2014 and September 2017 and still hold these same instruments with the same financial institutions today.

35.     The AT10 Bonds held by Plaintiffs are duly issued and valid unconditional obligations of Venezuela.

36.     Venezuela failed to repay principal on August 15, 2018 on the AT10 Bonds. Venezuela has not made any principal repayments to date.

37.     The Bonds and the FAA also provide that Venezuela must make interest payments twice a year, on the dates shown in the chart below, until the principal is fully paid. Venezuela failed to pay interest on February 15, 2018 and has not made interest payments since that date.

38.     Thereafter, Venezuela has failed to make the required interest payments on each of

5

the following February 15 and August 15 deadlines in every successive year thereafter.

39.    Venezuela has never made any payment of principal or interest to Plaintiffs.

40.    Venezuela's failures to repay principal and interest both constitute events of default under the AT10 Bonds. Plaintiffs' bonds remain outstanding under the terms of the FAA.

41.    Plaintiffs' current damages are outlined in the following chart:

| Valuation date | Unpaid principal | Contractual interest and coupons | Prejudgment interest | Total estimated claim |
|---|---|---|---|---|
| Feb. 15, 2018 | $0.00 | $183,937.50 | $0.00 | $183,937.50 |
| Aug. 15, 2018 | $2,700,000.00 | $367,875.00 | $8,209.16 | $3,076,084.16 |
| Aug. 15, 2019 | $2,700,000.00 | $735,750.00 | $49,527.06 | $3,485,277.06 |
| Aug. 15, 2020 | $2,700,000.00 | $1,103,625.00 | $124,180.49 | $3,927,805.49 |
| Aug. 15, 2021 | $2,700,000.00 | $1,471,500.00 | $231,715.90 | $4,403,215.90 |
| Aug. 15, 2022 | $2,700,000.00 | $1,839,375.00 | $372,360.05 | $4,911,735.05 |
| Aug. 15, 2023 | $2,700,000.00 | $2,207,250.00 | $546,112.96 | $5,453,362.96 |
| Aug. 15, 2024 | $2,700,000.00 | $2,575,125.00 | $753,564.22 | $6,028,689.22 |
| Aug. 15, 2025 | $2,700,000.00 | $2,943,000.00 | $993,534.63 | $6,636,534.63 |
| June 30, 2026 | $2,700,000.00 | $3,264,890.63 | $1,231,146.60 | **$7,196,037.23** |

42.    Plaintiffs' damages continue to accrue.

43.    By reason of the foregoing, Venezuela has materially breached its contractual obligations to Plaintiffs.

44.    Venezuela is liable to Plaintiffs for damages, including payment of principal and interest, in amounts to be determined by the trier of fact.

**FIRST CAUSE OF ACTION**
*Breach of Contract*

45.    Plaintiffs incorporate by reference all of the preceding paragraphs herein.

46.    Plaintiffs purchased their Bonds for good and valuable consideration.

47.    The AT10 Bonds were duly issued by Venezuela and are valid and unconditional obligations of Venezuela.

48.     There exists a valid, binding, and enforceable contract between Plaintiffs (as holders of the Bonds under the FAA) and Venezuela (as the obligor under the FAA and the Bonds).

49.     Plaintiffs have fully performed and complied with all terms and obligations under the contract with respect to the FAA and the Bonds.

50.     The Bonds are outstanding under the terms of the FAA.

51.     Venezuela has failed to make any payments of principal or interest on the Bonds since they became due.

52.     Venezuela is in default on its payments of both principal and interest.

53.     Venezuela has materially breached its contractual obligations to Plaintiffs to make timely payments under the FAA and the Bonds. Venezuela's contractual obligations will continue as long as Plaintiffs hold the Bonds.

54.     Plaintiffs have not disposed of the Bonds and still hold them today.

55.     Venezuela is liable to Plaintiffs for the amounts of unpaid principal and interest on the Bonds accrued to date, plus additional amounts as they accrue and remain unpaid, plus interest on all unpaid amounts.

## **PRAYER FOR RELIEF**

Plaintiffs respectfully request a judgment against Defendant as follows:

a.     Awarding damages to Plaintiffs to compensate for Venezuela's breach of its obligations under the FAA and the Bonds in an amount to be determined by the Court, but not less than $7.196 million;

b.     Awarding Plaintiffs their costs, attorney fees, expert fees, interest, costs of suit, and other reasonable compensation and reimbursement;

c.     Awarding such other and further relief as this Court deems just.

Dated: New York, New York
July 8, 2026

THOMPSON & SKRABANEK, PLLC

By: _____

J.R. Skrabanek, Esq.
515 Madison Avenue, 31st Floor
New York, NY 10022
Tel: (646) 568-4280
jrs@ts-firm.com

ATTORNEYS FOR PLAINTIFFS