

# THOMPSON & SKRABANEK, PLLC

N E W   Y O R K

July 15, 2026

*Via ECF and email*
The Honorable John P. Cronan
500 Pearl Street, Room 1320
New York, New York 10007
CronanNYSDChambers@nysd.uscourts.gov

Re:    *AlFaour, et al. v. Venezuela*; Case No. 1:26-cv-05769-JPC

Dear Judge Cronan:

We represent Plaintiffs Faisal AlFaour and Talal AlFaour herein. Pursuant to Your Honor's Individual Rules 1(A) and 6(A), we respectfully request entry of an Order authorizing service of the summons and complaint on the Defendant, the Bolivarian Republic of Venezuela ("Venezuela") through diplomatic channels pursuant to 28 U.S.C. § 1608(a)(4).

By way of background, Plaintiffs are the lawful owners of certain sovereign bonds issued by Venezuela. Because Venezuela has failed to pay both principal and interest due on the bonds, Plaintiffs filed suit for breach of contract on July 8, 2026. *See generally* Compl., ECF No. 1, ¶¶ 1-15.

The Foreign Sovereign Immunities Act ("FSIA") provides the exclusive means for service of process on a foreign state. *See* 28 U.S.C. § 1608(a). The statute establishes a hierarchical framework that requires a plaintiff to "attempt service by the first method (or determine that it is unavailable) before proceeding to the second method, and so on." *Chickpen, S.A. v. Bolivarian Republic of Venezuela*, No. 21 CIV. 597 (AT), 2022 WL 1684275, at *2 (S.D.N.Y. May 26, 2022) (citing *Angellino v. Royal Family Al-Saud*, 688 F.3d 771, 773 (D.C. Cir. 2012) (citations omitted).

Here, as in numerous prior cases before this Court, the first three methods of service under 28 U.S.C. § 1608(a) are unavailable with respect to Venezuela. Plaintiffs, therefore, seek authorization from the Court to effect service of process pursuant to § 1608(a)(4).

**First**, service under § 1608(a)(1) is unavailable. Although the bonds at issue may contemplate service of process through Venezuela's consular offices in New York, this Court has found that Venezuela's closure of those offices—and its failure to maintain any agent in the United States authorized to accept service—renders service under § 1608(a)(1) unavailable. *See, e.g.*, *Syracuse Mountains Corp. v. Bolivarian Republic of Venezuela*, No. 21 CIV. 2678 (AT), 2023 WL

5051913, at *2 (S.D.N.Y. July 5, 2023) (Torres, J.) (finding § 1608(a)(1) service unavailable "because as Defendant has admitted in other litigation, 'the Consul[ate] General has been recalled, the Consulate has been closed, and no replacement process agent has been appointed'"); *Chickpen*, 2022 WL 1684275 at *2 (Torres, J.) (holding in similar bond action that "service under §§ 1608(a)(1), (2), and (3) is unavailable").

Indeed, the undersigned's process server attempted service at Venezuela's Consulate, which is located at 7 East 51st Street, New York, New York 10022, on July 10, 2026, but was met with a clearly shuttered office space and no one to field the service request, as exhibited in the photograph annexed hereto as <u>Exhibit A</u>. Plaintiffs are not currently aware of any other arrangement for service of process between the parties that might apply in this case.

**Second**, service under § 1608(a)(2), which applies where an international convention governs service, is likewise unavailable. Venezuela is a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"). However, as this Court and others have found, Venezuela itself has conceded that this avenue is unavailable for service of process and that it does not comply with its obligations under the Hague Convention. *See Altana Credit Opportunities Fund SPC v. Bolivarian Republic of Venezuela*, No. 20 CIV. 8402 (AT), 2023 WL 5051884, at *2 (S.D.N.Y. July 5, 2023) (Torres, J.) ("Defendant has formally stated that service under §§ 1608(a)(1), (2), and (3) is unavailable, and 'the only method of service currently available against [Venezuela] is set forth in § 1608(a)(4), which allows for service through diplomatic channels.'"); *see also Fraiz Trapote v. Bolivarian Republic of Venezuela*, No. 23-cv-2118 (LLA), ECF No. 13 at *3 (D.D.C. Apr. 10, 2024) (finding service under § 1608(a)(2) unavailable because "'Venezuela does not comply with its obligations' under the Hague Service Convention, particularly for cases from the United States").

**Third**, service under § 1608(a)(3) by mail is also unavailable. Venezuela has taken the categorical position in multiple cases that it does not accept service by mail under the FSIA. Consistent with that position, courts in this District—including this Court—have recognized that § 1608(a)(3) is unavailable for service on Venezuela. *See Neuhauser v. Bolivarian Republic of Venezuela*, No. 20 CIV. 10342 (AT), 2023 WL 4350614, at *2 (S.D.N.Y. July 3, 2023) (Torres, J.) (finding that service under § 1608(a)(3) "is 'categorically unavailable' because Venezuela expressly objects to service by mail"); *Fraiz Trapote*, No. 23-cv-2118 at *3 (holding that "[w]hen Venezuela signed the Hague Convention, it explicitly objected to service by mail.").

Accordingly, the only remaining method of service authorized by FSIA is through diplomatic channels under § 1608(a)(4). In numerous similar cases, this Court has accepted Venezuela's litigation position that § 1608(a)(4) is the sole available method of service and has expressly authorized plaintiffs to proceed by that means. *See, e.g., Casa Express Corp. v. Bolivarian Republic of Venezuela*, No. 18-cv-11940 (AT), ECF No. 22; *Syracuse Mountains Corp.*, 2023 WL 5051913 at *2 ("Defendant has formally stated that service under §§ 1608(a)(1), (2), and (3) is unavailable, and 'the only method of service currently available against Venezuela is set forth in § 1608(a)(4), which allows for service through diplomatic channels.'"); *Altana Credit*



HON. JOHN P. CRONAN
JULY 15, 2026
PAGE 3 OF 4

*Opportunities Fund SPC*, 2023 WL 5051884 at *2 (same); *Neuhauser*, 2023 WL 4350614 at *2 (same); *Chickpen*, 2022 WL 1684275 at *2 (same).

  For the foregoing reasons, Plaintiffs respectfully request that the Court authorize service of the summons and complaint on Venezuela pursuant to 28 U.S.C. § 1608(a)(4), thereby allowing the Clerk of Court to transmit the required service materials to the United States Department of State for service through diplomatic channels.

  Because Plaintiffs have not yet served Venezuela, Plaintiffs do not know if Venezuela is presently represented by counsel in this matter.

        Sincerely,

        J.R. Skrabanek

*Enclosure*



HON. JOHN P. CRONAN
JULY 15, 2026
PAGE 4 OF 4

## Exhibit A

